IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CODY S. HOWARD                                                                                    PLAINTIFF

v.                                          Civil No. 4:18-cv-4117

MILLER COUNTY COURT, et al.                                                              DEFENDANTS

## **ORDER**

This case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to the PLRA, the Court must screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### **I. BACKGROUND**

Plaintiff Cody S. Howard originally filed this action pursuant to 42 U.S.C. § 1983 in the Eastern District of Arkansas. (ECF No. 1). On August 13, 2018, the matter was transferred to this Court. (ECF No. 2). The original Complaint listed the Miller County Court, Miller County Jail, and Miller County DHS Office as Defendants. On August 14, 2018, the Court entered an order directing Plaintiff to file an Amended Complaint on the court approved form for this District. The Court's order advised Plaintiff that the originally named Defendants are buildings and not persons who are subject to suit. The Order further stated:

> Plaintiff must write short, plain statements telling the Court: the constitutional right Plaintiff believes was violated; the name of the Defendant (individual) who violated the right; exactly what the Defendant did or failed to do; how the action or inaction of that Defendant is connected to the violation of the constitutional rights; and what specific injury Plaintiff suffered because of the misconduct of that Defendant. Plaintiff must repeat this process for each person he has named as a Defendant. Plaintiff is CAUTIONED that he must affirmatively link the conduct of each named Defendant with the specific injury he suffered. If he fails to do so, the allegations against that Defendant will be dismissed for failure to state a claim.

(ECF No. 5) (internal citations omitted).

On August 30, 2018, Plaintiff filed an Amended Complaint. (ECF No. 6). Plaintiff names the following Defendants to the action: Jeffie Walker, Warden, Miller County Detention Facility; Jackie Runion, Sheriff, Miller County; Krista Kirkwood, Crimes Against Children Division (CACD) Investigator; Caron Estell, DHS Caseworker; Stephanie Black, Prosecutor; David Cotton, Prosecutor; Connie Mitchell, Prosecutor; Chuck Black, Prosecutor; Dorothy Jackson, Caseworker, DHS; Keshia Baker, DHS; Rachel Speights, DHS; Kenoshia Brown, DHS; Laurie L. Alexander-Stephens, DHS; Zach White, Detective; Brian Tribble, Detective; David Parker, Detective; Joshua Jones, Detective; Kayla Cigainero, Detective; Jason Mitchell, Public Defender; Kerry Wood, Public Defender; Brent Haltom, Judge.

Plaintiff's Amended Complaint states two claims. Plaintiff's first claim is for "slandering of name, false imprisonment, defamation of character, mental anguish, loss of wages, racial profiling, punitive damages, and pain and suffering." (ECF No. 6, p. 4). Under Plaintiff's description of the claim, he alleges that "the parties involved" refused to properly investigate false allegations that led to his false imprisonment. Plaintiff asserts his first claim against Defendants Walker, Runion, Black, Cotton, Mitchell, Black, Estell, Kirkwood, Jackson, Baker, Alexander-Stephens, Speights, Brown, Parker, Haltom, White, Tribble, Jones, and Cigainero.

Plaintiff's second claim is for "ineffective assistance of counsel." (ECF No. 6, p. 5). Plaintiff asserts this claim against Defendants Wood and Mitchell, both Public Defenders. (ECF No. 6, p. 5). Plaintiff states that Defendant Mitchell assigned Defendant Wood to be his attorney. Plaintiff further alleges that he has not received proper attention and counseling from Defendant Wood. Plaintiff seeks to be assigned another attorney.

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. DISCUSSION

As discussed above, Plaintiff asserts two claims. The Court will first address Plaintiff's claim of slander, defamation, and false imprisonment. The Court will then address Plaintiff's claim of ineffective assistance of counsel.

### A. Plaintiff's First Claim

Plaintiff's first claim consists of multiple claims related to slander, defamation, and false imprisonment. The Court finds that this claim fails because federal remedies are not available under 42 U.S.C. § 1983 for those claims.

Title 42 of the United States Code provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and

laws" of the United States. 42 U.S.C. § 1983. "As a general rule, the federal civil-rights remedies available to a person under section 1983 are not so broad as those available under state law, common or statutory." *Burton v. Livingston*, 791 F.2d 97, 99 (8th Cir. 1986). "[A] defamed person has not been deprived of any right, privilege or immunity secured to him by the Federal Constitution or laws of the United States." *Ellinburg v. Lucas*, 518 F.2d 1196, 1197 (8th Cir. 1975); *see also Underwood v. Pritchard*, 638 F.2d 60, 62 (8th Cir. 1981) ("[D]efamation, *per se*, is not actionable under section 1983."). Thus, "[c]laims for defamation and slander are not cognizable under [section] 1983." *Miner v. Brackney*, 719 F.2d 954, 955 (8th Cir. 1983) (per curium).

The Court finds that Plaintiff's claims of slander and defamation fail because they are state-law claims that are not cognizable under section 1983. Accordingly, these claims should be dismissed pursuant to the PLRA.

Further, "[f]alse imprisonment is a state law tort claim. It is not coextensive with the Fourteenth Amendment, which 'protects only against deprivations of liberty accomplished 'without due process of law.'" *King v. Beavers*, 148 F.3d 1031, 1034 (8th Cir. 1998). Plaintiff's false imprisonment claim for monetary relief is a state law claim for which section 1983 provides no remedy because said claim does not arise under the Constitution or a federal statute. *Smith v. Garrett*, No. 5:06-cv-0281-JLH, 2006 WL 3791951, at *3 (E.D. Ark. Dec. 21, 2006) (citing *Collier v. City of Springdale*, 733 F.2d 1311, 1313 (8th Cir. 1984)).

The Court finds that Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983 because section 1983 does not provide a remedy for his false imprisonment claim. *Id.* When, as in this case, all of a plaintiff's federal claims have been dismissed, a federal district court may decline to exercise jurisdiction over any remaining state law claims. 28 U.S.C.

§ 1367(c)(3). The Court thus declines to exercise supplemental jurisdiction over Plaintiff's state-law false imprisonment claim and finds that this claim should be dismissed.

**B. Plaintiff's Second Claim**

Plaintiff also asserts an ineffective assistance of counsel claim against Defendants Mitchell and Wood. (ECF No. 6, p. 6).

To state a claim under section 1983, Plaintiff must allege that a defendant, while acting under the color of state law, deprived him of a federal right. *West v. Atkins*, 487 U.S. 42, 48 (1988). A public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to indigent defendants in state criminal proceedings. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981).

It appears that Defendants Mitchell and Wood were acting as public defenders at all times relevant to this suit. Plaintiff's claim against Defendants Mitchell and Wood relates to their performance as his counsel in a state criminal proceeding. As such, the Court finds that Defendants Mitchell and Wood were not acting under color of state law for purposes of this suit and, thus, Plaintiff cannot bring a claim against them pursuant to section 1983. *See id.* Accordingly, the Court finds that Plaintiff's ineffective assistance of counsel claim against Defendants Mitchell and Wood fails and should be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Amended Complaint against the Defendants fails to state a claim upon which relief may be granted and is hereby **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b).

**IT IS SO ORDERED**, this 25th day of October, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge